## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TRACI JONES** | ) | |
| **1020 Southern Ave., SE** | ) | |
| **Washington, DC 20032** | ) | |
|  | ) | |
| **and** | ) | Civil Action No. |
|  | ) | |
| **OLIVIA VAUGHNS** | ) | **JURY DEMANDED** |
| **1200 Fiji Avenue** | ) | |
| **Highland Park, MD 20785** | ) | |
|  | ) | |
| **and** | ) | |
|  | ) | |
| **GAY TWYMAN** | ) | |
| **2214 Alice Ave #101** | ) | |
| **Oxon Hill MD. 20745** | ) | |
|  | ) | |
| **and** | ) | |
|  | ) | |
| **PIERRE BONNET** | ) | |
| **223 Lazy Hollow Drive** | ) | |
| **Gaithersburg, MD 20878** | ) | |
|  | ) | |
| **Plaintiffs,** | ) | |
|  | ) | |
| **v.** | ) | |
|  | ) | |
| **ARBOR/RESCARE, INC.** | ) | |
| **101 Q Street, NE** | ) | |
| **Washington DC 20002** | ) | |
|  | ) | |
| **and** | ) | |
|  | ) | |
| **RESCARE, INC.** | ) | |
| **9901 Linn Station Road** | ) | |
| **Louisville, KY 40223** | ) | |
|  | ) | |
| **Defendants.** | ) | |
|  | ) | |

## COMPLAINT

### (Retaliation pursuant to the Federal False Claims Act 31 U.S.C. § 3130, District of Columbia False Claims Act, and the District of Columbia Whistleblower Protection Act)

COMES NOW the Plaintiffs, Gay Twyman, Traci Jones, Pierre Bonnet and Olivia Vaughns, by and through their attorneys, Webster, Fredrickson, Correia & Puth, PLLC, in the above-captioned action states to this Honorable Court as follows:

### INTRODUCTION

1.      This is a civil action brought by Plaintiffs  Gay Twyman, Traci Jones, Pierre Bonnet and Olivia Vaughns against the Defendants Arbor/Rescare, Inc. and ResCare, Inc. (collectively "Rescare") under the anti-retaliation provisions of the False Claims Act, 31 U.S.C. § 3130(h), District of Columbia False Claims Act, D.C. Code § 2-381.01, *et seq.* (2000) ("D.C. FCA"), and the District of Columbia Whistleblower Protection Act, D.C. Code § 2-223.01*, et seq.*

2.      Defendants Arbor/Rescare, Inc. and ResCare, Inc. engaged in a pattern of conduct that violated the anti-fraud provisions of the federal and District of Columbia False Claims Acts, by, among other things, fraudulently claiming that participants had completed sufficient hours of job skills training, job search, or other requirements to qualify for monetary assistance, as required by provisions in the Personal Responsibility and Work Opportunity Act's Temporary Assistance for Needy Families (TANF) provisions.  Through TANF, Rescare was paid by the District of Columbia and Federal government for each participant who dedicated the requisite number of job training or job search hours.  Rescare falsely claimed participants had completed the requisite number of hours and fraudulently altered its records in order to seek and obtain payment from the District of Columbia and Federal governments under false pretenses.

3.      As set forth more fully herein, Rescare then terminated the employment of Plaintiffs

Jones, Bonnet, Vaughns, and Twyman in retaliation for their having refused to comply with illegal

orders, their acts in furtherance of District of Columbia and Federal law, and their efforts to prevent

Rescare's illegal and fraudulent conduct.

## JURISDICTION

4.      The jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §§ 1331

and 1345, and 31 U.S.C. §§ 3730 (h) and 3732.  Defendants transact business in Washington, D.C.

5.      This Court has supplemental jurisdiction over claims made under the District of

Columbia False Claims Act, D.C. Code § 2-381.04, and the District of Columbia Whistleblower

Protection Act, D.C. Code § 2-223.03, pursuant to 28 U.S.C. § 1367.

6.      Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as well as

31 U.S.C. § 3732(a), because the contractual work performed by Defendants took place in the

District of Columbia, Defendants do business in the District of Columbia, and Defendants are

located in the District of Columbia.

## PARTIES

7.      Plaintiff Twyman is an adult resident of Oxen Hill, Maryland.  Ms. Twyman was

employed by Rescare from December 26, 2006 to January 26, 2013.  At the end of her tenure, Ms.

Twyman served as the lead case manager for Rescare, overseeing Rescare's TANF program.  At all

times relevant hereto, Ms. Twyman performed her job competently and effectively.

8.      Plaintiff Jones is an adult resident of Washington, DC.  Ms. Jones was employed by

Rescare until February 21, 2013 as a data entry clerk.  Plaintiff Jones was responsible for entering

data regarding TANF recipients into Rescare's computer systems.  At all times relevant hereto, Ms.

Jones performed her job competently and effectively.

9.    Plaintiff Vaughns is an adult resident of Highland Park, Maryland. Ms. Vaughns was employed by Arbor from 2004 (before it was purchased by ResCare, Inc.) And remained with Rescare until January 4, 2013.  Ms. Vaughns last served as the Project Manager for Rescare's TANF program in the District of Columbia and supervised staff's day-to-day activities.  At all times relevant hereto, Ms. Vaughns performed her job competently and effectively.

10.    Plaintiff Bonnet is an adult resident of Gaithersburg, Maryland. Mr. Bonnet served as a case manager for Rescare.  Mr. Bonnet was responsible for making contact with participants in the TANF program and helping ensure they meet the requirements to receive TANF assistance. Rescare discharged Mr. Bonnet on February 4, 2012.  At all times relevant hereto, Mr. Bonnet performed his job competently and effectively.

11.    Defendant Arbor is a subsidiary of Defendant ResCare, Inc., a corporation that has TANF contracts in multiple jurisdictions throughout the United States.  Defendants are an integrated enterprise and are a joint employer of Plaintiffs.  Defendants are employers for the purposes of 31 U.S.C. § 3730(h), D.C. Code §§  2-381.04.

12.    Defendants are employers within the meaning of D.C. Code § 2-223.01 (2010).

13.    Defendants are contractors for the District of Columbia under D.C. Code § 2-223.01(3).

## FACTS GIVING RISE TO RELIEF

14.    Defendants provide TANF services in the District of Columbia and in other jurisdictions.

15.    TANF is a Federally-funded program designed to transition needy individuals from

4

government assistance to employment.

16.     To promote employment, TANF requires recipients of assistance to participate in efforts to obtain employment, including by setting certain weekly hours requirements for individuals to be spent either in training or in search for jobs.

17.     The District of Columbia contracted with Defendants to administer the TANF program as a training provider.

18.     Defendants are paid by the District of Columbia, with Federal funds, by the number of participants who complete the requisite number of hours to receive assistance.  If a participant does not meet that hours requirement, Rescare is not paid.

19.     Starting in late 2012, Rescare's agent Michael Officer requested that Rescare's staff, including Plaintiffs, falsify records so that participants who had in fact not met the threshold to receive assistance, and the threshold for which Rescare would be paid, instead be reported as having met those benchmarks.   Michael Officer was a supervisor of Plaintiffs and an Agent of Arbor/Rescare, Inc. and Rescare, Inc.

20.     When Plaintiffs protested or otherwise refused to comply with illegal orders or to engage in fraudulent conduct as requested by Rescare, Rescare promptly terminated their employment.

21.     Shortly after Michael Officer arrived at the Rescare site in November 2012 as Rescare's agent overseeing the TANF program, he informed staff that it was his top priority to increase the numbers.

22.     Mr. Officer made clear to staff that efforts to improve Rescare's D.C. TANF program were not to be limited to legal means.

23.     In or around December 2012 Mr. Officer stated to Plaintiff Vaughns that Rescare needed to increase participation, and that "it may be illegal" but she "knew what we need to do."

24.     Ms. Vaughns protested and stated that she would refuse "do anything illegal."

25.     Ms. Vaughns stated further that Rescare should not engage in illegal conduct or other impropriety because federal funds were involved.

26.     Ms. Vaughns refused to comply with Mr. Officer's illegal orders or undertake fraudulent conduct, conduct that would violate the Federal and District of Columbia False Claims Acts, and otherwise acted in furtherance of those statutes.

27.     In the same vein, Mr. Officer told Plaintiff Twyman in December 2012 that she and other Rescare staff needed to "do whatever it takes" to meet the desired participation levels.

28.     When Plaintiff Twyman asked what steps she and Rescare staff should take to increase the participation levels, Mr. Officer said, "you know what to do," and "you know what needs to be done."

29.     Ms. Twyman to understood that Mr. Officer wanted her and Rescare to increase the TANF participation numbers through fraudulent means.

30.     As well, Ms. Twyman spoke with other Rescare employees who informed her that Mr. Officer requested they undertake "illegal" means to reflect increased participation.

31.     Mr. Officer informed Ms. Twyman that all participants should meet the hours requirements for the program.  Ms. Twyman stated that it was impossible to ensure that all participants meet their hours, because regularly some participants did not fulfill the hours requirements.

32.     Ms. Twyman refused to alter any time sheets or any other records to reflect that the

participants had met their obligations when they had not, and instead submitted accurate records of trainee participation.

33.     Ms. Twyman refused to comply with Mr. Officer's illegal orders or undertake fraudulent conduct, conduct that would violate the Federal and District of Columbia False Claims Acts, and otherwise acted in furtherance of those statutes.

34.     Consistent with his other illegal efforts, Officer attempted to force Plaintiff Jones to alter time sheets.

35.     In or around January 2013, Mr. Officer asked Ms. Jones what the process was for correcting an error on a time sheet, a document that reflects the amount of time TANF participants spent in class or seeking jobs.

36.     Mr. Officer then instructed Plaintiff Jones, who was responsible for data entry, to do whatever was possible to ensure participants met their hours.  Because Ms. Jones was only responsible for data entry and was not responsible for ensuring TANF participants attended class or undertook a job search, Ms. Jones understood Mr. Officer's statements to reflect a direction that she alter or falsely report the number of hours participants spent in class or seeking jobs.

37.     Plaintiff Jones responded to Mr. Officer that she would not make the changes he requested of her, and she otherwise refused to take any illegal action.

38.     Officer became angry in response to Ms. Jones' refusal to alter records.

39.     Plaintiff Jones, furthermore, observed a co-worker modify the dates a participant was recorded as having attended a required class, when in fact the participant did not attend the class on that date.

40.     The co-worker changed the date, but instructed the participant that the participant's

attendance was not required, which led to an over-reporting of the hours the participant worked.

41.     Plaintiff Jones contacted the District of Columbia Department of Human Services and informed Ms. Pamela Brown of the fraudulent time sheet, and asked Ms. Brown to be on the lookout for it when it passed through her office.  Ms. Jones's report was a protected disclosure under the Whistleblower Protection Act.

42.     Ms. Jones refused to comply with Mr. Officer's illegal orders or undertake fraudulent conduct, conduct that would violate the Federal and District of Columbia False Claims Acts, and otherwise acted in furtherance of those statutes.

43.     Mr. Officer requested that Pierre Bonnet falsify records as well.

44.     In particular, Officer repeatedly told Bonnet that what he wanted to see was a higher number. Bonnet understood Mr. Officer's comments to mean the number of training or job seeking hours since Bonnet (like other case managers) was already responsible for more TANF participants than were permitted under Rescare's contract with the District of Columbia.

45.     On a number of occasions, Mr. Officer met with Mr. Bonnet in Officer's office to discuss participation by Rescare's participants (the TANF recipients).

46.     Plaintiff Bonnet informed Mr. Officer of the efforts he undertook to increase participation, including letters he sent, and phone calls he made to contact the customers to ensure they did what was necessary to receive assistance.

47.     Officer told Mr. Bonnet that, "well, I [Officer] know what to do," and that "I won't tell you what to do, you know what to do, but it might be illegal."  Mr. Bonnet understood that Officer was encouraging him to turn in time sheets that reflected participants having logged more hours that they had actually dedicated to job training or job searches.

8

48.     In response, Mr. Bonnet told Mr. Officer he would not do anything illegal.

49.     In one instance, a particular participant did not meet her hours to receive assistance because she had not worked that week as required.

50.     Officer instructed Bonnet to turn in a time sheet falsely reflecting that the participant had worked the requisite hours in order to qualify for payment.

51.     Mr. Bonnet refused to submit the fraudulent report.

52.     Mr. Bonnet refused to comply with Mr. Officer's illegal orders or undertake fraudulent conduct, conduct that would violate the Federal and District of Columbia False Claims Acts, and otherwise acted in furtherance of those statutes.

53.     Plaintiffs Vaughns, Jones, Twyman, and Bonnet all were discharged by Rescare because they refused to defraud the United States government and the District of Columbia government and refused to follow illegal orders.

54.     Not long after Ms. Vaughns refused Officer's request that she undertake illegal conduct, Rescare terminated Ms. Vaughns' employment on January 4, 2013.

55.     Approximately one month after Plaintiff Twyman first refused Officer's efforts to defraud the District and Federal governments, Rescare terminated Ms. Twyman on January 23, 2013.

56.     Shortly thereafter, and after Plaintiff Jones refused to comply with an illegal order and otherwise sought to prevent fraud, Rescare discharged Plaintiff Jones on or about February 21, 2013.

57.     On or about February, 4 2013, not long after Plaintiff Bonnet refused to comply with an illegal order and otherwise sought to prevent fraud, Rescare terminated Plaintiff Bonnet's employment.

9

## COUNT I
### (Retaliation Under 31 U.S.C. § 3730(h)–Olivia Vaughns)

58.     The allegations contained in the above paragraphs are hereby re-alleged and set forth

fully as above.

59.     Plaintiff Vaughns engaged in protected activity by raising concerns over potential

fraud, refusing to participate in such fraud, taking actions to stop one or more violations of the False

Claims Act, and acting in furtherance of the Act.

60.     Defendants knew that Plaintiff Vaughns engaged in protected activity.

61.     Defendants retaliated against Plaintiff Vaughns for engaging in activity protected by

the False Claims Act when, *inter alia*, Rescare fired Plaintiff Vaughns for her refusal to further

Rescare's illegal activities.

62.     As a direct and proximate cause of the retaliatory treatment to which she was

subjected, Plaintiff Vaughns has suffered, and continues to suffer, lost wages, benefits, and

entitlements, emotional harm, embarrassment, humiliation, inconvenience, and other losses, such

losses to continue into the foreseeable future, and the expenditure of attorneys' fees and costs.

63.     Defendants are liable to Plaintiff Vaughns for all relief available under 31 U.S.C. §

3730(h) to make Plaintiff Vaughns whole, including, but not limited to (1) reinstatement with the

same seniority status that Plaintiff Vaughns would have had but for the discrimination, (2) lost

wages, back pay, and front pay; (3) two times the amount of back pay, interest on the back pay; (4)

compensation for any special damages sustained as a result of the discrimination, including litigation

costs and reasonable attorneys' fees; (5) compensatory damages; and (6) all other appropriate relief.

## COUNT II
### (Retaliation Under 31 U.S.C. § 3730(h)–Tracy Jones)

65.     The allegations contained in paragraphs 1-57 are hereby re-alleged and set forth fully as above.

66.     Plaintiff Jones engaged in protected activity by raising concerns over potential fraud, refusing to participate in such fraud, taking actions to stop one or more violations of the False Claims Act, and acting in furtherance of the Act.

67.     Defendants knew that Plaintiff Jones engaged in protected activity.

68.     Defendants retaliated against Plaintiff Jones for engaging in activity protected by the False Claims Act when, *inter alia*, Rescare discharged Plaintiff Jones for her efforts to stop one or more violations of the False Claims Act.

69.     As a direct and proximate cause of the retaliatory treatment to which she was subjected, Plaintiff Jones has suffered, and continues to suffer, lost wages, benefits, and entitlements, emotional harm, embarrassment, humiliation, inconvenience, and other losses, such losses to continue into the foreseeable future, and the expenditure of attorneys' fees and costs.

70.     Defendants are liable to Plaintiff Jones for all relief available under 31 U.S.C. § 3730(h) to make Plaintiff Jones whole, including, but not limited to (1) reinstatement with the same seniority status that Plaintiff Vaughns would have had but for the discrimination, (2) lost wages, back pay, and front pay; (3) two times the amount of back pay, interest on the back pay; (4) compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees; (5) compensatory damages; and (6) all other appropriate relief.

## COUNT III
### (Retaliation Under 31 U.S.C. § 3730(h)–Gay Twyman)

71.     The allegations contained in paragraphs 1-58 are hereby re-alleged and set forth fully as above.

72.     Plaintiff Twyman engaged in protected activity by raising concerns over potential fraud, refusing to participate in such fraud, taking actions to stop one or more violations of the False Claims Act, and acting in furtherance of the Act.

73.     Defendants knew that Plaintiff Twyman engaged in protected activity.

74.     Defendants retaliated against Plaintiff Twyman for engaging in activity protected by the False Claims Act when, *inter alia*, Rescare fired Plaintiff Twyman for her efforts to stop one or more violations of the False Claims Act.

75.     As a direct and proximate cause of the retaliatory treatment to which she was subjected, Plaintiff Twyman has suffered, and continues to suffer, lost wages, benefits, and entitlements, emotional harm, embarrassment, humiliation, inconvenience, and other losses, such losses to continue into the foreseeable future, and the expenditure of attorneys' fees and costs.

76.     Defendants are liable to Plaintiff Twyman for all relief available under 31 U.S.C. § 3730(h) to make Plaintiff Twyman whole, including, but not limited to (1) reinstatement with the same seniority status that Plaintiff Vaughns would have had but for the discrimination, (2) lost wages, back pay, and front pay; (3) two times the amount of back pay, interest on the back pay; (4) compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees; (5) compensatory damages; and (6) all other appropriate relief.

## COUNT IV
### (Retaliation Under 31 U.S.C. § 3730(h)–Pierre Bonnet)

77.     The allegations contained in paragraphs 1-57 are hereby re-alleged and set forth fully as above.

78.     Plaintiff Bonnet engaged in protected activity by raising concerns over potential fraud, refusing to participate in such fraud, taking actions to stop one or more violations of the False Claims Act, and acting in furtherance of the Act.

79.     Defendants knew that Plaintiff Bonnet engaged in protected activity.

80.     Defendants retaliated against Plaintiff Bonnet for engaging in activity protected by the False Claims Act when, *inter alia*, Rescare fired Plaintiff Bonnet for his efforts to stop one or more violations of the False Claims Act.

81.     As a direct and proximate cause of the retaliatory treatment to which he was subjected, Plaintiff Bonnet has suffered, and continues to suffer, lost wages, benefits, and entitlements, emotional harm, embarrassment, humiliation, inconvenience, and other losses, such losses to continue into the foreseeable future, and the expenditure of attorneys' fees and costs.

82.     Defendants are liable to Plaintiff Bonnet for all relief available under 31 U.S.C. § 3730(h) to make Plaintiff Bonnet whole, including, but not limited to (1) reinstatement with the same seniority status that Plaintiff Vaughns would have had but for the discrimination, (2) lost wages, back pay, and front pay; (3) two times the amount of back pay, interest on the back pay; (4) compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees; (5) compensatory damages; and (6) all other appropriate relief.

## COUNT V
### (Retaliation Under D.C. Code § 2-381.04–Olivia Vaughns)

83.     The allegations contained in paragraphs 1-57 are hereby re-alleged and set forth fully as above.

84.     Plaintiff Vaughns engaged in protected activity by raising concerns over potential fraud, refusing to participate in such fraud, taking actions to stop one or more violations of D.C. Code § 2-381.01, *et seq*., and acting in furtherance of  D.C. Code § 2-381.01, *et seq*.

85.     Defendants knew that Plaintiff Vaughns engaged in protected activity.

86.     Defendants retaliated against Plaintiff Vaughns for engaging in activity protected by the False Claims Act when, *inter alia*, Rescare fired Plaintiff Vaughns for her efforts to stop one or more violations of D.C. Code § 2-381.01, *et seq*.

87.     As a direct and proximate cause of the retaliatory treatment to which she was subjected, Plaintiff Vaughns has suffered, and continues to suffer, lost wages, benefits, and entitlements, emotional harm, embarrassment, humiliation, inconvenience, and other losses, such losses to continue into the foreseeable future, and the expenditure of attorneys' fees and costs.

88.     Defendants are liable to Plaintiff Vaughns for all relief available under D.C. Code § 2-381.04 to make Plaintiff Vaughns whole, including, but not limited to (1) reinstatement with the same seniority status that Plaintiff Vaughns would have had but for the discrimination, (2) lost wages, back pay, and front pay; (3) two times the amount of back pay, interest on the back pay; (4) compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees; (5) compensatory damages; and (6) all other appropriate relief.

## COUNT VI
### (Retaliation Under D.C. Code § 2-381.04–Traci Jones)

89.    The allegations contained in paragraphs 1-57 are hereby re-alleged and set forth fully as above.

90.    Plaintiff Jones engaged in protected activity by raising concerns over potential fraud, refusing to participate in such fraud, taking actions to stop one or more violations of D.C. Code § 2-381.01, *et seq*., and acting in furtherance of  D.C. Code § 2-381.01, *et seq*.

91.    Defendants knew that Plaintiff Jones engaged in protected activity.

92.    Defendants retaliated against Plaintiff Jones for engaging in activity protected by the False Claims Act when, *inter alia*, Rescare fired Plaintiff Jones for her efforts to stop one or more violations of D.C. Code § 2-381.01, *et seq*.

93.    As a direct and proximate cause of the retaliatory treatment to which she was subjected, Plaintiff Jones has suffered, and continues to suffer, lost wages, benefits, and entitlements, emotional harm, embarrassment, humiliation, inconvenience, and other losses, such losses to continue into the foreseeable future, and the expenditure of attorneys' fees and costs.

94.    Defendants are liable to Plaintiff Jones for all relief available under D.C. Code § 2-381.04 to make Plaintiff Jones whole, including, but not limited to (1) reinstatement with the same seniority status that Plaintiff Vaughns would have had but for the discrimination, (2) lost wages, back pay, and front pay; (3) two times the amount of back pay, interest on the back pay; (4) compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees; (5) compensatory damages; and (6) all other appropriate relief.

## COUNT VII
## (Retaliation Under D.C. Code § 2-381.04–Gay Twyman)

95.     The allegations contained in paragraphs 1-57 are hereby re-alleged and set forth fully as above.

96.     Plaintiff Twyman engaged in protected activity by raising concerns over potential fraud, refusing to participate in such fraud, taking actions to stop one or more violations of D.C. Code § 2-381.01, *et seq*., and acting in furtherance of  D.C. Code § 2-381.01, *et seq*.

97.     Defendants knew that Plaintiff Twyman engaged in protected activity.

98.     Defendants retaliated against Plaintiff Twyman for engaging in activity protected by the False Claims Act when, *inter alia*, Rescare fired Plaintiff Twyman for her efforts to stop one or more violations of D.C. Code § 2-381.01, *et seq*.

99.     As a direct and proximate cause of the retaliatory treatment to which she was subjected, Plaintiff Twyman has suffered, and continues to suffer, lost wages, benefits, and entitlements, emotional harm, embarrassment, humiliation, inconvenience, and other losses, such losses to continue into the foreseeable future, and the expenditure of attorneys' fees and costs.

100.     Defendants are liable to Plaintiff Twyman for all relief available under D.C. Code § 2-381.04 to make Plaintiff Twyman whole, including, but not limited to (1) reinstatement with the same seniority status that Plaintiff Vaughns would have had but for the discrimination, (2) lost wages, back pay, and front pay; (3) two times the amount of back pay, interest on the back pay; (4) compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees; (5) compensatory damages; and (6) all other appropriate relief.

16

## COUNT VIII
### (Retaliation Under D.C. Code § 2-381.04–Pierre Bonnet)

101.    The allegations contained in paragraphs 1-57 are hereby re-alleged and set forth fully as above.

102.    Plaintiff Bonnet engaged in protected activity by raising concerns over potential fraud, refusing to participate in such fraud, taking actions to stop one or more violations of D.C. Code § 2-381.01, *et seq*., and acting in furtherance of  D.C. Code § 2-381.01, *et seq*.

103.    Defendants knew that Plaintiff Bonnet engaged in protected activity.

104.    Defendants retaliated against Plaintiff Bonnet for engaging in activity protected by the False Claims Act when, *inter alia*, Rescare fired Plaintiff Bonnet for her efforts to stop one or more violations of D.C. Code § 2-381.01, *et seq.*

105.    As a direct and proximate cause of the retaliatory treatment to which he was subjected, Plaintiff Bonnet has suffered, and continues to suffer, lost wages, benefits, and entitlements, emotional harm, embarrassment, humiliation, inconvenience, and other losses, such losses to continue into the foreseeable future, and the expenditure of attorneys' fees and costs.

106.    Defendants are liable to Plaintiff Bonnet for all relief available under D.C. Code § 2-381.04 to make Plaintiff Bonnet whole, including, but not limited to (1) reinstatement with the same seniority status that Plaintiff Vaughns would have had but for the discrimination, (2) lost wages, back pay, and front pay; (3) two times the amount of back pay, interest on the back pay; (4) compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees; (5) compensatory damages; and (6) all other appropriate relief.

## COUNT IX
### (Wrongful Discharge in Violation of the District of Columbia
### Whistleblower Protection Act,  D.C. Code § 2-223.01, *et seq.*–Olivia Vaughns)

107.   Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-57 of this Complaint with the same force and vigor as if set out here in full.

108.   Defendants have a contract with the District government to supply services and are engaged in performing such a contract. D.C. Code § 2-223.01(3).

109.   Ms. Vaughns is a "whistleblower" as defined in D.C. Code § 2-223.01(10), as she refused to comply with illegal orders as defined by D.C. Code § 2-223.01(4).

110.   Defendants were aware of Ms. Vaughns' refusal to comply with its illegal orders.

111.   Defendants violated D.C. Code § 2-223.02(a) by discharging Ms. Vaughns from employment because of her refusal to comply with one or more illegal orders.

112.   As a direct and proximate result of Defendants' unlawful discharge of Ms. Vaughns, Ms. Vaughns has suffered loss of income and benefits, emotional harm, humiliation, inconvenience and loss of reputation.

113.   Pursuant to D.C. Code § 2-223.03(a), and as otherwise allowed by law, Ms. Vaughns is entitled to relief and damages, including but not limited to injunction, reinstatement to the same position held before the prohibited personnel action or to an equivalent position, reinstatement of the employee's seniority rights, restoration of lost benefits, back pay, front pay, interest, compensatory damages, punitive damages, reasonable costs, and attorney fees.

## COUNT X
### (Wrongful Discharge in Violation of the District of Columbia
### Whistleblower Protection Act,  D.C. Code § 2-223.01, *et seq.*–Traci Jones)

114.    Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-57 of this Complaint with the same force and vigor as if set out here in full.

115.    Defendants have a contract with the District government to supply services and are engaged in performing such a contract. D.C. Code § 2-223.01(3).

116.    Ms. Jones is a "whistleblower" as defined in D.C. Code § 2-223.01(10), as she refused to comply with illegal orders as defined by D.C. Code § 2-223.01(4).

114.    Defendants were aware of Ms. Jones' refusal to comply with its illegal orders.

115.    Defendants violated D.C. Code § 2-223.02(a) by discharging Ms. Jones from employment because of her refusal to comply with one or more illegal orders.

116.    As a direct and proximate result of Defendants' unlawful discharge of Ms. Jones, Ms. Jones has suffered loss of income and benefits, emotional harm, humiliation, inconvenience and loss of reputation.

117.    Pursuant to D.C. Code § 2-223.03(a), and as otherwise allowed by law, Ms. Jones is entitled to relief and damages, including but not limited to injunction, reinstatement to the same position held before the prohibited personnel action or to an equivalent position, reinstatement of the employee's seniority rights, restoration of lost benefits, back pay, front pay, interest, compensatory damages, punitive damages, reasonable costs, and attorney fees.

## COUNT XI
### (Wrongful Discharge in Violation of the District of Columbia
### Whistleblower Protection Act,  D.C. Code § 2-223.01, *et seq.*–Gay Twyman)

118.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-57 of this Complaint with the same force and vigor as if set out here in full.

119.     Defendants have a contract with the District government to supply services and are engaged in performing such a contract. D.C. Code § 2-223.01(3).

120.     Ms. Twyman is a "whistleblower" as defined in D.C. Code § 2-223.01(10), as she refused to comply with illegal orders as defined by D.C. Code § 2-223.01(4).

121.     Defendants were aware of Ms. Twyman' refusal comply with to its illegal orders.

122.     Defendants violated D.C. Code § 2-223.02(a) by discharging Ms. Twyman from employment because of her refusal to comply with one or more illegal orders.

123.     As a direct and proximate result of Defendants' unlawful discharge of Ms. Twyman, Ms. Twyman has suffered loss of income and benefits, emotional harm, humiliation, inconvenience and loss of reputation.

124.     Pursuant to D.C. Code § 2-223.03(a), and as otherwise allowed by law, Ms. Twyman is entitled to relief and damages, including but not limited to injunction, reinstatement to the same position held before the prohibited personnel action or to an equivalent position, reinstatement of the employee's seniority rights, restoration of lost benefits, back pay, front pay, interest, compensatory damages, punitive damages, reasonable costs, and attorney fees.

## COUNT XII
### (Wrongful Discharge in Violation of the District of Columbia
### Whistleblower Protection Act, D.C. Code § 2-223.01, *et seq.*–Pierre Bonnet)

125.    Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-57 of this Complaint with the same force and vigor as if set out here in full.

126.    Defendants have a contract with the District government to supply services and are engaged in performing such a contract. D.C. Code § 2-223.01(3).

127.    Mr. Bonnet is a "whistleblower" as defined in D.C. Code § 2-223.01(10), as he refused to comply with illegal orders as defined by D.C. Code § 2-223.01(4).

128.    Defendants were aware of Mr. Bonnet's refusal to comply with its illegal orders.

129.    Defendants violated D.C. Code § 2-223.02(a) by discharging Mr. Bonnet from employment because of his refusal to comply with one or more illegal orders.

130.    As a direct and proximate result of Defendant's unlawful discharge of Mr. Bonnet, Mr. Bonnet has suffered loss of income and benefits, emotional harm, humiliation, inconvenience and loss of reputation.

131.    Pursuant to D.C. Code § 2-223.03(a), and as otherwise allowed by law, Mr. Bonnet is entitled to relief and damages, including but not limited to injunction, reinstatement to the same position held before the prohibited personnel action or to an equivalent position, reinstatement of the employee's seniority rights, restoration of lost benefits, back pay, front pay, interest, compensatory damages, punitive damages, reasonable costs, and attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiffs respectfully pray that this Honorable Court:

1.      Enter judgment on their behalf against Defendants on all counts herein;

2.      Award Plaintiffs compensatory and other damages;

3.      Award back pay and front pay to Plaintiffs;

4.      Award Plaintiffs two times the amount of back pay, interest on the back pay, and

compensation for any special damages sustained as a result of their termination from Rescare;

5.      Award punitive damages to Plaintiffs;

6.      Award Plaintiffs their court costs, expenses, attorneys' fees, prejudgment interest,

and post-judgment interest;

7.      Declare Defendants' conduct is in violation of 31 U.S.C. § 3130(h),  D.C. Code §

2-381.04, and D.C. Code § 2-223.03(a);

8.      Grant the Plaintiffs appropriate preliminary and/or permanent injunctive relief;

9.      Grant all other relief as may be appropriate

Respectfully submitted,

WEBSTER, FREDRICKSON, CORREIA & PUTH, PLLC


_/s/_____

Jonathan C. Puth #439241
Geoffrey H. Simpson #988437
1775 K Street, NW, Suite 600
Washington, DC 20006
Phone:          (202) 659-8510
Fax:            (202) 659-4082
jputh@wfcplaw.com
gsimpson@wfcplaw.com

Attorneys for Plaintiffs

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury.


    /s/
Jonathan C. Puth #439241